517-9123/1355743

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CIV 0931**



------------------------------------------------------------X

GETTY PETROLEUM MARKETING INC. and
GETTY TERMINALS CORP.,

                                        Plaintiffs,

            – against –

SANKO SHIP MANAGEMENT CO., LTD., THE
SANKO STEAMSHIP CO., LTD., SANKO KISEN
(U.S.A.) CORP., PHOENIX BULKSHIP, LTD., *in
personam*, and M/V SANKO PHOENIX, her
engines, boilers, tackle, etc., *in rem*,

                                        Defendants.

**VERIFIED COMPLAINT**

------------------------------------------------------------X

        Plaintiffs, Getty Petroleum Marketing Inc. and Getty Terminals Corp. (collectively

"Getty"), by their attorneys, Lester Schwab Katz & Dwyer, LLP, for their complaint against the

defendants allege as follows:

        1.        This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 U.S.C. Section 1333.

        2.        At all material times, plaintiff Getty Petroleum Marketing Inc. was and still is a

corporation organized and existing under the laws of the State of Maryland with its principal

place of business at 1500 Hempstead Turnpike, East Meadow, New York 11554.

        3.        At all material times, plaintiff Getty Terminals Corp. was and still is a corporation

organized and existing under the laws of the State of New York with its principal place of

business at 1500 Hempstead Turnpike, East Meadow, New York 11554.

4.     At all material times, defendant Sanko Ship Management Co., Ltd. was and still is a corporation organized and existing under the laws of a foreign nation with its principal place of business in Tokyo, Japan.

5.     At all material times, defendant Sanko Ship Management Co., Ltd. was the operator of the Liberian flag bulk carrier, Sanko Phoenix, IMO No. 9175638.

6.     At all material times, defendant The Sanko Steamship Company, Ltd. was and still is a corporation organized and existing under the laws of a foreign nation with its principal place of business in Tokyo, Japan.

7.     At all material times, defendant The Sanko Steamship Company, Ltd. was the operator of the M/V Sanko Phoenix.

8.     At all material times, defendant Sanko Kisen (U.S.A.) Corp. was and still is a corporation organized and existing under the laws of a foreign nation with offices in Cos Cob, Connecticut and Houston, Texas.

9.     At all material times, defendant Sanko Kisen (U.S.A) Corp. was the operator of the Sanko Phoenix.

10.     At all material times, defendant Phoenix Bulkship, Ltd. was and still is a corporation organized and existing under the laws of a foreign nation with its principal place of business in Tokyo, Japan.

11.     At all material times, defendant Phoenix Bulkship, Ltd. was the owner of the Sanko Phoenix.

12.     The Sanko Phoenix is currently outside the district, but will or may be within the district while this action is pending.

13.    At approximately 12:30 p.m., on December 29, 2008, on the Hudson River in Rensselaer, New York, the Sanko Phoenix allided with two breasting dolphins and a loading platform at Getty's terminal facilities, causing significant damage to the terminal.

14.    Immediately afterward, the Sanko Phoenix left the scene without reporting the allision to the United States Coast Guard ("USCG") or to Getty.

15.    Getty reported the incident to the USCG which intercepted the vessel in the Hudson River south of Albany/Rensselaer.

16.    The allision was a direct and proximate result of defendants' negligence, unseaworthiness, and/or violation of the Inland Navigational Rules, 33 U.S.C. § 2001 *et seq.* and International Regulations for Preventing Collisions at Sea, 33 U.S.C. § 1601 *et seq.*

17.    As a result of the allision, Getty was forced to (a) repair the damage to the Rensselaer terminal, and (b) incur substantial additional expense in order to continue to bring petroleum products to its Rensselaer terminal.

18.    To date, Getty has suffered damages totalling the sum of at least $2,436,664.26, exclusive of interest and costs, for which it claims a maritime lien against the Sanko Phoenix.


WHEREFORE plaintiff prays:

That process according to the practice of this court in admiralty and maritime claims issue against the defendants, citing them to appear and answer under oath the matters alleged;

That judgment be entered in favor of plaintiff and against defendants, jointly and severally, in the amount of $2,436,664.26, together with the attorneys' fees, costs and disbursements of this action;

3

That this court issue a warrant of arrest according to its practice in admiralty and maritime claims against the M/V Sanko Phoenix, her engines, boilers, etc., pursuant to Rule C of the Supplemental Admiralty Rules; that all persons having or claiming any interest therein be cited to appear and answer, under oath, for the matters alleged; that judgment be entered in favor of plaintiff for the damages claimed, with interest, costs and attorneys' fees; that the vessel be condemned and sold and the proceedings of the sale be brought into this Court applied to pay plaintiff the sums found due it;

That plaintiff may demand additional security as warranted; and

That plaintiff shall have such other further and different relief as this Court may deem just and proper.

Dated:     New York, New York     LESTER SCHWAB KATZ & DWYER, LLP
                January 28, 2010          120 Broadway
                                    New York, NY  10271
                                    212  964-6611
                                    Attorneys for Plaintiffs
                                    GETTY PETROLEUM MARKETING INC. and
                                    GETTY TERMINALS CORP.

Lawrence R. Green  (LG-5401)

LSK&D #: 517-9123 / 1344037

## VERIFICATION

STATE OF NEW YORK      )
                                  ) ss:

COUNTY OF NASSAU        )

      Michael Lewis, being sworn, says:

      I am the General Counsel of Getty Petroleum Marketing, Inc.; I have read the foregoing

Complaint and know the contents thereof to be true to my knowledge, except as to the matters

herein stated to be alleged on information and belief, which I believe to be true.

_____
Michael Lewis, Esq.

Sworn to before me on January 28, 2010

_____
Notary Public

ROXANNE LOHN-CURY
Notary Public, State of New York
No. 01LO4708913
Qualified in Queens County
Commission Expires March 30, 20 _10_

1